[Civ. No. 10860. First Appellate District, Division One.—June 6, 1939.]

FRANK L. LAWRENCE et al., Respondents, v. JOSEPH ROSENBERG et al., Appellants.

Clyde C. Sherwood for Appellants.

Perry Evans for Respondents.

WARD, J.—This is an action for services rendered by a customs attorney in the recovery of duties, upon certain commodities, paid to the United States customs service under protest. The amount of the claim, which is not disputed, was assigned by Frank L. Lawrence to the partnership of Lawrence & Tuttle.

The Rosenberg Iron & Metal Company, conducted by the Rosenbergs, operated a rag department as an adjunct to its business. From 1921 until 1927 this department was operated as a copartnership under the fictitious name of National Sanitary Rag Company. In 1927, the National Sanitary Rag Company was incorporated and the stock issued to the members of the old partnership. The protest claims involved in this remained in the name of the Rosenberg Iron & Metal Company, by which company they were originally made.

Appellants' contention is that upon the date of the contract of employment the partnership had terminated and its interests and assets had been transferred to the corporation, which would be responsible for the debt. It is not denied that Lawrence had been engaged to represent the partnership, and there is evidence to show that when the partners incorporated, the activities of Lawrence were continued with the approval of the corporation, and with the knowledge and consent of the members of the copartnership. Whether there was reasonable notice of the retirement of the copartners from the rag business as a copartnership, and of their formation of a corporation for conducting the same business, were questions of fact.

Lawrence as a witness testified that one of the copartners of the Rosenberg Iron & Metal Company employed him in connection with the transaction involved, namely, the obtaining of refunds for customs duties paid under protest. The manager of the corporation also discussed with him the various phases of the subject; that is, the "handling of the Rosenberg interests in imported rags under the tariff act of 1922". This testimony is not contradicted unless it should be claimed that from certain documentary evidence a contrary conclusion could be reached. The trial court found that "the appearance of plaintiffs as attorneys of record for defendants in the United States Customs Court in regard to protests of the defendants against the collection of customs duties charged to the defendants was with the knowledge and consent of the defendants". This finding is supported by the evidence.

The judgment is affirmed.

Knight, Acting P. J., concurred.